UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MUBASHIR MAQBOOL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-976** |
| **LOUISIANA SUPREME COURT COMMITTEE ON BAR ADMISSIONS** | **SECTION "O"** |

## ORDER AND REASONS

Before the Court in this lawsuit challenging the Louisiana Supreme Court's refusal to exempt *pro se* Plaintiff Mubashir Maqbool—a four-time unsuccessful Louisiana bar applicant—from the summer 2020 Louisiana bar exam is the motion[1] of Defendant the Committee on Bar Admissions of the Supreme Court of Louisiana to dismiss Maqbool's complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The Court lacks subject-matter jurisdiction to review the Louisiana Supreme Court's refusal to (1) admit Maqbool to the bar and (2) exempt him from the summer 2020 exam. Maqbool lacks standing to bring his dormant Commerce Clause challenge to Louisiana's policy on bar reciprocity. And Maqbool fails to plead plausible claims under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. Accordingly, for these reasons and those that follow, the motion to dismiss is **GRANTED**.

---

[1] ECF No. 6.

## I. BACKGROUND

This dispute arises from Maqbool's claims that the Committee violated his rights under Title VII, Section 1981, and the dormant Commerce Clause by discriminating against him based on his national origin and by denying him an exemption from the summer 2020 Louisiana bar exam.[2] Because this case comes to the Court on the Committee's motion to dismiss, the Court draws the factual background from the well-pleaded allegations of Maqbool's liberally construed *pro se* complaint. *See Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 190 (5th Cir. 2009).

Maqbool took—and failed—the October 2020 Louisiana bar exam.[3] He alleges that he reviewed his exam answers and "was appalled to see that an examiner" had written that "this person must not be from here" on his answer sheet.[4] Maqbool alleges that this "derogatory and biased remark" left him "emotionally shattered."[5]

Maqbool re-took the exam in February 2021.[6] He again failed—by 7 points.[7] He alleges that he reviewed his exam answers and "was shocked to see . . . [a] persistent disparity" in how his answers were graded by "the first examiner and the second examiner."[8] He alleges that an administrator told him "it was a routine practice. . . to award [a] few extra points to the examinees who were [a] few points

---

[2] *See generally* ECF No. 1.
[3] *Id.* at ¶ 1. The complaint and its attachments reflect that Maqbool has failed the Louisiana bar exam at least four times: in July 2005, July 2008, October 2020, and February 2021. *Id.* at 2 ¶¶ 1–2; ECF No. 1-1 at 4.
[4] *Id.* (internal quotation marks omitted).
[5] *Id.*
[6] *Id.* at 2 ¶ 2.
[7] *Id.*
[8] *Id.*

shy of" passing, but that he did not get "the same treatment and courtesy[.]"[9] He alleges that he "filed an appeal to the Louisiana Supreme Court . . . for re-grading" of his February 2021 exam, and that he "received denial of his appeal" in April 2023.[10]

This lawsuit followed. Liberally construed, *see Lozano v. Collier*, 98 F.4th 614, 625 n.7 (5th Cir. 2024) (citation and quotation omitted), Maqbool's *pro se* complaint attempts to plead three claims: (1) a Title VII disparate-treatment claim; (2) a Section 1981 claim; and (3) a Section 1983 claim for alleged violations of the dormant Commerce Clause. In support of those claims, Maqbool alleges that the Committee subjected him to "disparate treatment in the admission process" and "discriminated against [him] based on [his] national origin."[11] Maqbool says "[t]here is no rationale and justification for . . . giving some applicants waivers and subjecting others to the stringent requirements of passing the bar exams."[12] And Maqbool insists the Committee's refusal to "allow reciprocity" violates the dormant Commerce Clause.[13] Ultimately, Maqbool asks the Court to (1) "adjudg[e]" that the Committee's "actions violated federal and state anti-discrimination laws" and (2) grant him the "same exemption from part I" of the exam that other applicants received in summer 2020.[14]

Now, the Committee moves to dismiss Maqbool's complaint for lack of subject-matter jurisdiction and for failure to state a claim.[15] Maqbool opposes.[16]

---

[9] *Id.* at 3 ¶¶ 3–4.
[10] *Id.* at 3 ¶ 3.
[11] *Id.* at 4 ¶ 10.
[12] *Id.* at 2 ¶ 1.
[13] *Id.* at 3 ¶ 6.
[14] *Id.* at 4 ¶¶ (a)–(b).
[15] ECF No. 6.
[16] ECF No. 8.

## II. LEGAL STANDARDS

### A. Lack of Subject-Matter Jurisdiction

A party may move to dismiss a case for lack of subject-matter jurisdiction. FED. R. CIV. P. 12(b)(1). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). The Court may assess subject-matter jurisdiction based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citations omitted). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction," so "the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* (citations omitted).

### B. Failure to State a Claim

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint that does not meet Rule 8(a)(2)'s pleading standard should be dismissed for failing to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitations of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at

4

555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Ultimately, "[t]o survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Although '[courts] accept all well-pled facts as true, construing all reasonable inferences in the complaint in the light most favorable to the plaintiff, conclusory allegations, unwarranted factual inferences, or legal conclusions are not accepted as true.'" *Hodge v. Engleman*, 90 F.4th 840, 843 (5th Cir. 2024) (quoting *Allen v. Hays*, 65 F.4th 736, 743 (5th Cir. 2023)).

"The filings of a *pro se* litigant are to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Tucker v. Gaddis*, 40 F.4th 289, 292 (5th Cir. 2022) (citation and quotation omitted). But "*pro se* plaintiffs must still plead factual allegations that raise the right to relief above the speculative level." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).

## III.  ANALYSIS

The Committee moves the Court to dismiss Maqbool's *pro se* complaint for lack of subject-matter jurisdiction and for failure to state a claim. *See* FED. R. CIV. P. 12(b)(1) & 12(b)(6). Because "[j]urisdiction is always first," *Louisiana v. U.S. Dep't of Energy*, 90 F.4th 461, 466 (5th Cir. 2024) (citation omitted), the Court considers the Committee's (A) jurisdictional arguments before turning to (B) its arguments under Rule 12(b)(6).  Finally, the Court (C) considers two motions by Maqbool that the Court liberally construes as seeking leave to file a surreply and an amended complaint.

### A.   Subject-Matter Jurisdiction

The Court lacks subject-matter jurisdiction to the extent that Maqbool challenges the Louisiana Supreme Court's denial of his (1) petition for admission to the bar and (2) request for an exemption from the summer 2020 bar exam.[17] Federal courts lack subject-matter jurisdiction over "challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 486 (1983). "Orders of a state court relating to the admission, discipline, and disbarment of members of its bar may be reviewed only by the Supreme Court of the United States on certiorari to the state court, and not by means of an original action in a lower federal court." *Id.* at 482 n.16 (quotation omitted). Maqbool's lawsuit essentially asks the Court to reverse the Louisiana Supreme Court's refusal to (1) admit him and (2) exempt him from the summer 2020 bar exam. Evaluating his

---

[17] ECF No. 6-1 at 6–7.

claims "would require review of the [Louisiana Supreme Court's] judgment," which the Court is "without the jurisdiction to do." *Musslewhite v. State Bar of Tex.*, 32 F.3d 942, 947 (5th Cir. 1994). So the Court lacks subject-matter jurisdiction over Maqbool's claims to the extent they challenge the Louisiana Supreme Court's decisions (1) not to admit him to the bar and (2) to deny him an exemption from the summer 2020 bar exam. The Court dismisses any such claims without prejudice under Rule 12(b)(1).

Separately, the Court lacks subject-matter jurisdiction over Maqbool's dormant Commerce Clause challenge to Louisiana's policy on bar reciprocity. That is because Maqbool fails to carry his burden to show that he has standing to bring that claim. To show standing for that claim at this Rule 12 stage, Maqbool must plead facts plausibly establishing that (1) he suffered an "injury in fact"; (2) "fairly traceable" to Louisiana's policy on bar reciprocity; and (3) "likely redressable by a favorable decision." *E.T. v. Paxton*, 41 F.4th 709, 714 (5th Cir. 2022) (citations omitted). Maqbool fails to do so. He lives in Louisiana,[18] and he does not allege that he is admitted to practice law in any other state. Because Maqbool does not allege that he is admitted to practice law in any other state, the Court cannot plausibly infer that Maqbool is "injured" by Louisiana's policy on bar reciprocity. Because Maqbool lacks standing, the Court dismisses Maqbool's dormant Commerce Clause claim without prejudice for lack of subject-matter jurisdiction under Rule 12(b)(1).[19]

---

[18] ECF No. 1 at 1 ¶ 1.

[19] Maqbool lacks standing to bring a dormant Commerce Clause challenge to Louisiana's policy on bar reciprocity for the independent reason that he does not allege that he is engaged in interstate commerce, and that Louisiana's policy on bar reciprocity has adversely affected that commerce. *See Cibolo Waste, Inc. v. City of San Antonio*, 718 F.3d 469, 476 (5th Cir. 2013) ("[T]he only parties that

7

### B. Failure to State a Claim

To the extent that any of Maqbool's remaining claims under Title VII and Section 1981 could be construed as a "general challenge[ ] to [Louisiana] bar rules," *Feldman*, 460 U.S. at 486, such that the Court has subject-matter jurisdiction, *see Musslewhite*, 32 F.3d at 945–46, the Court dismisses those claims under Rule 12(b)(6). Maqbool's liberally construed complaint fails to plead facts allowing a plausible inference that the Committee is liable for violating Title VII or Section 1981.

Maqbool fails to state a Title VII claim against the Committee. "The basic premise of a Title VII case is that the plaintiff had an employment relationship with the defendant." *Perry v. VHS San Antonio Partners, L.L.C.*, 990 F.3d 918, 926 (5th Cir. 2021) (citation omitted). A plaintiff who lacks an employment relationship with the defendant "cannot prevail on his Title VII claim[.]" *Id.* at 931. Maqbool fails to plead facts from which the Court can plausibly infer the existence of an employment relationship between Maqbool and the Committee. Because Maqbool fails to plausibly plead an employment relationship, he fails to state a Title VII claim.[20] *See id.*

---

have standing to bring a dormant Commerce Clause challenge are those who both engage in interstate commerce and can show that the ordinance at issue has adversely affected their commerce.").

[20] To the extent Maqbool intends to plead an independent claim under the Louisiana Employment Discrimination Law ("LEDL"), it fails for a similar reason: The LEDL creates "a cause of action against an employer, employment agency or labor organization," LA. STAT. ANN. § 23:303(A), and Maqbool fails to plead facts from which the Court can plausibly infer that the Committee is his "employer," an "employment agency," or a "labor organization," *id.*

Maqbool similarly fails to state a Section 1981 claim against the Committee. A Section 1981 claim "must initially identify an impaired contractual relationship . . . under which the plaintiff has rights." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006) (citation and quotation omitted). A Section 1981 claim "fails as a matter of law if the plaintiff lacks rights under the existing (or proposed) contract that he wishes to make and enforce." *Perry*, 990 F.3d at 931 (citations and quotation omitted). Maqbool fails to plead facts from which the Court can plausibly infer the existence of "an impaired contractual relationship . . . under which [Maqbool] has rights." *Domino's Pizza*, 546 U.S. at 476 (citation and quotation omitted). Because Maqbool fails to plausibly plead an impaired contractual relationship under which he has rights, Maqbool fails to state a Section 1981 claim. *See Perry*, 990 F.3d at 931.

\* \* \*

To sum up: The Court lacks subject-matter jurisdiction to the extent that any of Maqbool's claims challenges the Louisiana Supreme Court's denial of either his (1) petition for admission to the Louisiana bar or (2) request for an exemption from the summer 2020 Louisiana bar exam. The Court also lacks subject-matter jurisdiction over Maqbool's dormant Commerce Clause claim, because Maqbool fails to carry his burden to show that he has standing to bring that claim. Maqbool's remaining claims fail under Rule 12(b)(6): He fails to state a Title VII claim because he fails to allege facts plausibly establishing the existence of an employment relationship, and he fails

to state a plausible Section 1981 claim because he fails to plead facts plausibly establishing an impaired contractual relationship under which he has rights.[21]

### C. Maqbool's Outstanding Motions

The Court has concluded that Maqbool's complaint must be dismissed in its entirety under Rules 12(b)(1) and 12(b)(6). The Court nonetheless considers Maqbool's two outstanding motions. The first of those motions is styled a "motion to reconsider extension of time to file first amen[d]ment and his opposition to the defendant['s] motion to dismiss."[22] The Court liberally construes that motion as a motion to reconsider the Court's order[23] denying Maqbool leave to file a surreply in further opposition to the Committee's motion to dismiss. So construed, the Court denies the motion for essentially the same reasons given in the Court's original order: Maqbool has not shown that a surreply is merited because he has not identified any new issues, theories, arguments, or evidence raised in the Committee's reply brief.

The second of Maqbool's outstanding motions is styled a "motion for leave to file [Maqbool's] first amended complaint and a memorandum in opposition to the Defendant's motion to dismiss."[24] The Court liberally construes the motion as a motion for leave to file an amended complaint. "Generally, . . . a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009) (per curiam) (citing *Bazrowx v. Scott*,

---

[21] Because the Court has dismissed Maqbool's complaint in its entirety on the stated grounds, the Court does not reach the Committee's alternative arguments for dismissal.
[22] ECF No. 16 at 1 (capitalization and boldface omitted).
[23] ECF No. 15.
[24] ECF No. 17 at 1 (capitalization and boldface omitted).

10

136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)). And "leave to amend should be liberally granted" if a *pro se* plaintiff "might be able to state a claim based on the underlying facts and circumstances." *Hernandez v. W. Tex. Treasures Est. Sales, L.L.C.*, 79 F.4th 464, 468 (5th Cir. 2023) (citing *Brewster*, 587 F.3d at 767–68). But a district court need not "grant a futile motion to amend, for instance, when 'the plaintiff has already pleaded his best case.'" *Id.* (quoting *Brewster*, 587 F.3d at 768).

The Court denies the motion for leave because Maqbool has "already pleaded his best case," and amendment would be futile. *Brewster*, 587 F.3d at 768. Although Maqbool failed to attach a copy of his proposed amended complaint, nothing in his liberally construed motion for leave suggests that he could plead any plausible claims "based on the underlying facts and circumstances" if given another opportunity to do so. *Hernandez*, 79 F.4th at 468 (citing *Brewster*, 587 F.3d at 768). Specifically, nothing in Maqbool's liberally construed motion suggests that Maqbool could plead facts plausibly establishing that (1) the Court has subject-matter jurisdiction over any of his claims, to the extent that they challenge the Louisiana Supreme Court's decisions not to admit him to the bar and not to exempt him from the summer 2020 exam; (2) Maqbool has standing to bring his dormant Commerce Clause claim; (3) Maqbool had an employment relationship with the Committee; or (4) Maqbool had "an impaired contractual relationship . . . under which [Maqbool] ha[d] rights." *Domino's Pizza*, 546 U.S. at 476. In all events, Maqbool has already "provided detailed facts supporting his claims," and he has "already had a considerable opportunity to present his best case." *Weeks v. Collier*, No. 22-10126, 2023 WL 7703823, at *8 (5th Cir. Nov. 15, 2023)

11

(per curiam). Indeed, Maqbool "has presented [his] arguments several times"—in his original opposition,[25] his motion[26] to reconsider, and his motion[27] for leave. *Dougherty v. United States Dep't of Homeland Sec.*, No. 22-40665, 2023 WL 6123106, at *6 (5th Cir. Sept. 19, 2023) (per curiam). "Despite these opportunities, [Maqbool] remains unable to state plausible" claims against the Committee. *Id.*[28]

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the motion[29] to dismiss Maqbool's complaint is **GRANTED**. Maqbool's claims are **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction to the extent that those claims challenge the Louisiana Supreme Court's decisions (1) not to admit him to the Louisiana bar or (2) to deny him an exemption from the summer 2020 bar exam. Maqbool's dormant Commerce Clause claim is also **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction. Maqbool's Title VII and Section 1981 claims are **DISMISSED WITH PREJUDICE** for failure to state a claim. A final judgment will follow in accordance with Federal Rule of Civil Procedure 58.

---

[25] ECF No. 8.
[26] ECF No. 16.
[27] ECF No. 17.
[28] To the extent Maqbool seeks leave to amend his complaint to assert an equal-protection claim, amendment would be futile. Maqbool offers no indication that he could plead facts plausibly establishing that the refusal to exempt him from the summer 2020 bar exam violates the Equal Protection Clause of the Fourteenth Amendment. Specifically, Maqbool provides no indication that he could allege facts plausibly establishing that (1) he was "treated differently from others similarly situated"—*i.e.*, other applicants who had failed the bar multiple times and who had graduated from law school over a decade earlier; or (2) "there was no rational basis for the difference in treatment." *Rountree v. Dyson*, 892 F.3d 681, 685 & n.10 (5th Cir. 2018) (citations and quotations omitted).
[29] ECF No. 6.

**IT IS FURTHER ORDERED** that Maqbool's motion[30] to reconsider and Maqbool's motion[31] for leave to file a surreply are **DENIED**.

New Orleans, Louisiana, this 3rd day of March, 2025.

_____
BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[30] ECF No. 16.
[31] ECF No. 17.